UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:08-cr-217-J-32JRK

DERREK OWENS                    ORDER ON MOTION FOR
                                SENTENCE REDUCTION UNDER
                                18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Derrek Owens is a 37-year-old inmate incarcerated at Manchester FCI, serving a 180-month term of imprisonment for possession of a firearm by an armed career criminal. (Doc. 39, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on October 16, 2021. Defendant seeks compassionate release because of the Covid-19 pandemic and because he has asthma. (Doc. 60, Motion). The United States has responded. (Doc. 62).

---

[1] For purposes of this Order, the Court assumes that Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Defendant expresses concern about Covid-19 and having asthma.[2] According to the Centers for Disease Control (CDC), those who have moderate-to-severe asthma might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk of serious illness.[3] Defendant offers no evidence that his asthma falls into the moderate-to-severe category. Instead, the medical records describe his condition as "[a]sthma, unspecified." (Doc. 62-2 at 2, 42, 75). The record further indicates that his asthma is stable and well-controlled through medication. (Id. at 1, 78). Defendant's relatively

---

[2]  Defendant also notes that he survived a botulism infection. According to the medical records, Defendant had a botulism infection in 2016. (Doc. 60-1 at 5).

[3]  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

young age (37) further suggests that he is not at high risk of death or serious illness should he contract coronavirus. As such, Defendant has not proven the existence of extraordinary and compelling reasons for compassionate release.[4]

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction. Defendant's 180-month term of imprisonment is the congressionally-mandated minimum sentence for those who possess a firearm after three or more convictions for a violent felony or a serious drug offense. See 18 U.S.C. § 924(e). Before the instant offense, Defendant had a prior conviction for robbery with a firearm and armed burglary, as well as two separate convictions for the sale or delivery of crack cocaine. (Presentence Investigation Report [PSR] at ¶¶ 5, 28, 30, 31). Defendant was released from custody for his second sale-of-cocaine conviction on January 26, 2008. (Id. at ¶ 31). Within months, Defendant was charged with distributing crack cocaine (Count One) and possession of a firearm by a convicted felon (Count Two). (Doc. 1, Indictment). The United States agreed to dismiss Count One in exchange for Defendant's plea of guilty to Count Two, which Defendant accepted. (Doc. 28, Plea Agreement).

The Court commends Defendant for making efforts at self-improvement and maintaining bonds with his children while in prison, and the Court understands

---

[4] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

Defendant's concern about Covid-19. However, Defendant is young, relatively healthy, and his asthma appears to be stable. In view of all the circumstances, reducing Defendant's sentence at this time would not be consistent with the statutory purposes of sentencing or the Sentencing Commission's policy statements. Accordingly, Defendant Derrek Owens's Motion for Compassionate Release (Doc. 60) is **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[5] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).